IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

|  |  |  |
|---|---|---|
| ALFRED BOURGEOIS, | : | CIVIL ACTION |
|  | : | (Capital Habeas Corpus) |
| Petitioner, | : |  |
|  | : | Case No. 2:19-cv-392-JMS-DLP |
| V. | : |  |
|  | : | **CAPITAL CASE** |
| SUPERINTENDENT, USP–Terre Haute, | : |  |
| UNITED STATES OF AMERICA, | : |  |
|  | : |  |
| Respondents. | : |  |
|  | : |  |

**NOTICE**

Pursuant to this Court's August 29, 2019, Order, Petitioner Alfred Bourgeois offers this notice setting forth the status of his ongoing lethal injection litigation and how, if at all, this litigation impacts proceedings in the above captioned case.

1.      Mr. Bourgeois is among the plaintiffs in the case of *In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases* in the United States District Court for the District of Columbia, Case No. 19-mc-00145-TSC (consolidated case), Case No. 12-cv-0782-TSC (original action filed by Mr. Bourgeois). The scheduling order in that case provides for Mr. Bourgeois and the other plaintiffs to conduct discovery, and thereafter to file an amended complaint on or before March 31, 2020.

2.      On August 29, 2019, Mr. Bourgeois moved for a preliminary injunction with respect to his scheduled execution. Dkt. No. 2, Case No. 19-mc-00145-TSC (D.D.C. Aug. 29, 2019). On November 20, 2019, the United States District Court for the District of Columbia granted Mr. Bourgeois's motion for preliminary injunction, in addition to the motions for preliminary injunction filed by three additional death row inmates with pending executions. The

Government appealed this order on November 21, 2019. *See* Dkt. Nos. 51 and 52, Case No. 1:19-mc-00145-TSC (D.D.C. Nov. 20 and 21, 2019).

3.      The Government filed motions to stay the D.C. District Court's preliminary injunction order pending the outcome of its appeal before the District Court and Court of Appeals. These motions were denied by the District Court and the Court of Appeals, respectively. *See* Minute Order, Case No. 1:19-mc-00145-TSC (D.D.C Nov. 22, 2019); Dkt. No. 1818236, *In the Matter of Federal Bureau of Prisons' Execution Protocol Cases*, Case No. 19-5322 (D.C. Cir. Dec. 2, 2019) (per curiam). The Government then filed an application to stay and vacate the preliminary injunction before the Supreme Court of the United States, which was also denied. *Barr, et.al. v. Roane, et. al.*, 589 U.S. ___, 2019 WL 6649067 (Dec. 6, 2019).

4.      The D.C. Court of Appeals issued a briefing schedule on December 9, 2019. Pursuant to that schedule, Appellants have filed their initial brief on December 23, 2019, Appellees' brief is due on January 6, 2020, and Appellants' reply brief is due on January 13, 2020. Oral argument is set for January 15, 2020. *See* Dkt. No. 1819432, *Fed. Bureau of Prisons' Execution Protocol Cases*, Case No. 19-5322 (D.C. Cir. Dec. 9, 2019).

5.      At this time, counsel for Mr. Bourgeois do not believe that the lethal injection case has any immediate impact on the above captioned proceedings. Although a preliminary injunction currently bars Mr. Bourgeois's execution, the Government has appealed the issuance of that injunction, and litigation regarding the injunction is ongoing before the D.C. Circuit Court of Appeals. In its December 23, 2019 brief filed before the D.C. Court of Appeals, the Government stated that, if the preliminary injunction is vacated, it intends to promptly reschedule the enjoined executions. Dkt. No. 1821389, *Fed. Bureau of Prisons' Execution*

2

*Protocol Cases*, Case No. 19-5322 (D.C. Cir. Dec. 23, 2019), at 2 ("If this Court vacates the injunction currently preventing the government from carrying out plaintiffs' sentences, the government intends to promptly rescheduled the improperly blocked executions … .").

6.      Additionally, the disposition of the lethal injection proceedings does not affect the merits of the claim for relief raised in the pending habeas corpus petition. Consequently, the habeas corpus claim will need to be resolved regardless of the outcome of the lethal injection litigation, and should proceed in accordance with any schedule set by the Court. As previously noted, given the complexity of this case, counsel for Petitioner respectfully request an oral argument on the pending habeas corpus petition and motion for stay of execution [*see* Dkt. No. 11 at 49].

Respectfully submitted,

*/s/ Peter Williams*
Peter Williams
Victor J. Abreu
Katherine Thompson
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West—The Curtis Center
Philadelphia, PA 19106
215–928–0520
Victor_Abreu@fd.org
Katherine_Thompson@fd.org
Pete_Williams@fd.org

Dated: December 30, 2019

3

## CERTIFICATE OF SERVICE

I, Peter Williams, hereby certify that on this date, a copy of the above document has been

caused to be served upon the following parties via electronic filing:

Paula C. Offenhauser
Assistant United States Attorney
U.S. Attorney's Office for the
Southern District of Texas
1000 Louisiana, Suite 2300
Houston, TX 77002

Brian Reitz
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, IN 46204

*/s/ Peter Williams*
Peter Williams
Federal Community Defender Office
for the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Suite 545 West—The Curtis Center
Philadelphia, PA 19106
215–928–0520
Pete_Williams@fd.org

Dated: December 30, 2019