**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| ALFRED BOURGEOIS, | § | |
| Petitioner, | § | |
| v. | § | No. 2:19-cv-00392-JMS-DLP |
| | § | |
| SUPERINTENDENT, | § | |
| USP—Terre Haute, | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondents. | § | |

**MOTION FOR LEAVE TO FILE**
**SURREPLY TO PETITIONER'S REPLY**

The Respondent respectfully moves for leave to file a Surreply to Petitioner Albert Bourgeois's Reply in Support of Petition for Writ of Habeas Corpus and Motion for Stay of Execution. In its Surreply, the Respondent seeks leave to address the issues identified by the Court in its Order Staying the Execution, specifically: whether Congress authorizes a habeas petitioner to invoke the Federal Death Penalty (FDPA), 18 U.S.C. § 3596(c), as a basis for relief under 28 U.S.C. § 2241, that is exempt from the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governing federal habeas corpus relief.

In its Order Staying the Execution, the Court assumed without deciding this legal question by finding the Respondent had waived the issue.[1] As detailed herein, the Respondent respectfully asserts that it did not waive this point of law because it argued at length in its prior briefing that Bourgeois's claim cannot proceed under 28 U.S.C. § 2241. Moreover, parties cannot waive the proper interpretation of the law. Rather, the Court should decide the correct construction of the governing law irrespective of the parties' arguments.

As this Court has recognized, "the stakes of this litigation" are high. DE 18, at 6.[2]  A surreply addressing whether the FDPA provides an independent basis for § 2241 relief outside of the AEDPA is in the interests of justice and may aid the Court in deciding the underlying petition in this case. Moreover, the parties, as well as the public, have a substantial interest in ensuring that the Court correctly construes and applies the governing law on the federal death penalty.

---

[1] The Respondent does not seek leave to respond to other arguments in Bourgeois's reply that were already extensively addressed in Respondent's Return to Order to Show Cause, DE 10, but limits its discussion to the legal question the Court deems waived.  The Respondent is happy to address other arguments if the Court wishes.

[2] "DE" refers to the docket entry for the referenced document, followed by the page numbers included in the document's ECF header.

## I. BACKGROUND

On March 10, 2020, this Court issued an Order Staying Execution of Bourgeois, a federal prisoner incarcerated at the United States Penitentiary in Terre Haute, Indiana.  Bourgeois was convicted of capital murder in 2004 and sentenced to death in the United States District Court for the Southern District of Texas. The Court of Appeals for the Fifth Circuit affirmed his conviction and sentence in 2005, and United States District Court Judge Janice Graham Jack denied him post-conviction relief pursuant to 28 U.S.C § 2255 based on a claim he was intellectually disabled and therefore ineligible for execution under 18 U.S.C. § 3596(c), and *Atkins v. Virginia,* 536 U.S. 304 (2002). Thus, § 3596(c) was expressly raised and adjudicated in his § 2255 proceeding.

Judge Jack, who presided over the guilt and punishment phases of Bourgeois's trial and his § 2255 proceedings, determined that Bourgeois was not intellectually disabled under the *Atkins* criterion. Judge Jack made this determination after holding extensive evidentiary hearings in 2010 and 2011. *See United States v Alfred Bourgeois,* Nos. 2:02-cr-216, 2:07-cv-223, 2011 WL 1930684 (S.D. Tex. May 19, 2011), *certificate of appealability denied,* 537 F. App'x 604 (5th Cir. 2013), *cert. denied,* 547

3

U.S. 827 (2014).  Notably, Bourgeois did not appeal from the district court's ruling on his *Atkins* or § 3596(c) claims.

In 2018, the Fifth Circuit denied Bourgeois authorization to file a successive § 2255 motion under § 2255(h)(2) and 28 U.S.C. § 2244(b)(3)(A), wherein he tried to relitigate his *Atkins* and § 3596(c) claims based on *Moore v. Texas (Moore I)*, 137 S. Ct. 1039 (2017). The Fifth Circuit found that Bourgeois presented the same *Atkins* claim and evidence that he presented in his initial § 2255 motion, and that the strict litigation bar in 28 U.S.C. § 2244(b)(1) barred him from relitigating the same claim he had previously raised.  *In re Bourgeois*, 902 F.3d 446, 448 (5th Cir. 2018).

In 2019, Bourgeois filed the instant § 2241 petition and motion to stay execution, asserting that he is intellectually disabled and therefore ineligible for the death penalty, and that his execution is forbidden by the Eighth Amendment (*Atkins*) and the FDPA—the same claims he raised in his initial § 2255 petition. Relying on the AEDPA statutory provisions, he sought relief under the "savings clause" in 28 U.S.C. § 2255(e), arguing he should be allowed to proceed under § 2241 because the remedy under § 2255 is "inadequate and ineffective." Bourgeois relied on Supreme

4

Court cases (*Moore I*, and *Texas v. Moore (Moore II)*, 139 S. Ct. 666 (2019)) which the Supreme Court has not declared retroactive to federal habeas cases, and diagnostic criteria purportedly unavailable at the time of his initial § 2255 proceeding. In his substantive arguments, Bourgeois relied on the same evidence presented to Judge Jack in the prior proceeding.

At points in his 78-page petition, Bourgeois asserted that proceeding under § 2241 is appropriate in light of the FDPA's provision that "[a] sentence of death shall not be carried out upon a person who is mentally retarded," implicating the execution of his sentence not just the legality. *See* DE 1, at 7, 14, 76. Bourgeois, however, collectively referred to his constitutional and statutory claims as "his *Atkins* claim." DE 1, at 13, 14, 77. Likewise, his claim as presented in his reply—that the FDPA and Supreme Court decisions categorically ban carrying out the execution of an intellectually disabled person—was collectively referenced as "his *Atkins* claim." DE 11, at 5. Bourgeois's substantive arguments in both his petition and reply focused on his entitlement to § 2241 relief under the "savings clause" of § 2255(e), and how the previous courts erred in their approach to evaluating his *Atkins* claim. DE 1, at 49-74; DE 11, at 5-40. His reply also substantively briefed why

5

his § 2241 petition was not an abuse of the writ under *Teague v. Lane*, 489 U.S. 288 (1989), as argued by the Respondent. DE 11, at 40-47.

Because Bourgeois did not substantively develop an independent FDPA claim but rather relied on conclusory statements and the same arguments that pertained to his constitutional claim, the Respondent did not parse out a separate FDPA claim in its Return to Order to Show Cause.  Instead, the Respondent read Bourgeois's petition to merge his FDPA and *Atkins* claims as one claim implicating the same legal standards. Addressing this claim, the Respondent argued that Bourgeois was subject to the AEDPA statutory provisions governing federal habeas corpus relief.   Because Bourgeois did not meet the statutory requirements under § 2255(e)—as interpreted by the Seventh Circuit in *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc), and other cases—he could not proceed under § 2241. The Respondent further argued that even if Bourgeois was not limited by the AEDPA, his attempt to relitigate his claim was an abuse of the writ under pre-AEDPA law and the retroactive principles articulated in *Teague* (DE 10, at 77-108). The Respondent thus briefed two independent bases why Bourgeois cannot proceed under § 2241.

The Respondent did not brief whether Bourgeois could proceed under § 2241, independent of the above provisions, simply by invoking the FDPA. As this Court recognized in its stay order, there is nothing to suggest there is a substantive difference between the *Atkins* and FDPA standards, other than the source of the right.  See DE 18, at 6-7. Nor is there authority suggesting that the FDPA provides an independent procedural vehicle for access to § 2241 which would allow a petitioner to evade the AEDPA requirements. See DE 18, at 7. Consequently, the Respondent did not construe Bourgeois as raising and briefing a separate legal question. Instead, it rested on its well-supported argument that Bourgeois was barred from proceeding under § 2241.

However, in its Order Staying Execution, this Court found that the Respondent failed to explain why Bourgeois's FDPA claim cannot be brought under § 2241, and therefore waived such argument. DE 18, at 5-6. The Court found that the Respondent's failure to address the issue was "inexplicable and inexcusable, not only because of the stakes of this litigation, but also because there is no binding legal authority regarding whether FDPA claims can proceed in a § 2241 action" and the Court "may have benefitted from a response." DE 18, at 6. Indeed, the Court found

7

that the Respondent's failure to address the FDPA claim was intentional. DE 18, at 6. The Court further criticized the Respondent for failing to seek leave to file a surreply when Bourgeois highlighted the Respondent's failure to address the FDPA claim. DE 18, at 6.

The Court found that a party "can concede an underlying legal issue that would allow a claim to proceed in a § 2241 without the Court having to decide the legal issue." DE 18, at 6 (citing *Chazen v. Marske*, 938 F.3d 851, 863 (7th Cir. 2019)). From this authority, the Court concluded that the "Respondent can waive the legal issue of whether a claim can be brought in a § 2241 petition[,]" and held that "any argument that . . . Bourgeois's FDPA claim cannot proceed under § 2241 [is] waived." DE 18, at 6.

Based on this finding of waiver, the Court assumed that the FDPA provides Bourgeois a way to proceed under § 2241 without having to meet the AEDPA's procedural impediments. The Court therefore concluded that it can "apply the standards governing an *Atkins* claim" to Bourgeois's FDPA claim by relying on current law (*Moore I* and *Moore II*) without regard to whether such law is retroactive. DE 18, at 7 & n.4.

8

## II. THIS COURT SHOULD GRANT RESPONDENT LEAVE TO FILE A SURREPLY

### A. Respondent Did Not Waive the Argument that Bourgeois's FDPA Claim Must Satisfy AEDPA Requirements

The Respondent's position was and is that Bourgeois's § 2241 petition is barred by AEDPA's provisions, and more specifically, § 2255(e)'s "savings clause" (DE 10, at 45-77); and that even if it is not so barred, he is subject to pre-AEDPA law governing relief under § 2241 (DE 10, at 77-108, citing *Teague* and other cases). Bourgeois's framing of his previously litigated § 2255 claim as a challenge to the execution of the sentence under the FDPA does not change the nature of his claim. It remains a challenge to the legality of his sentence and is barred by the AEDPA provisions.

The Respondent's failure to cite to § 3596(c) or the FDPA does not alter the legal position of the parties. Hence, Bourgeois cannot demonstrate that this is the type of claim that § 2255 is inadequate or ineffective to remedy (See DE 10, at 48-77). To be sure, Bourgeois's FDPA claim does not fit traditional § 2241 challenges to the "execution" of a sentence, which are focused on actions separate from the imposition of sentence or legality of detention—such as challenges to conditions of

9

confinement, aspects of detention, and calculation of good time credit or the release date.

Notwithstanding, the Respondent can raise "a new argument to support what has been [its] consistent claim:" that Bourgeois's § 2241 petition should be denied under the AEDPA provisions and *Teague. Citizens United v. FEC*, 558 U.S. 310, 330-31 (2010) (internal quotation omitted). Hence, the argument that FDPA does not provide an independent basis for § 2241 relief outside of the AEDPA is simply another argument to support the Respondent's claim and is not waived or foreclosed. *Id.*; *see Lebron v. National R.R. Passenger Corp.*, 513 U.S. 374, 379 (1995); *Yee v. City of Escondido, Cal.*, 503 U.S. 519, 534-35 (1992).

**B.    Parties Cannot Waive the Law; the Court Should Decide the Correct Governing Legal Principles Irrespective of the Parties' Argument**

In its Order, the Court effectually ruled that the Respondent waived the argument that Bourgeois can seek review under § 2241, independent of the AEDPA requirements, simply by invoking the FDPA. DE 18, at 6. While the Court treated the purported waiver as being equivalent to a concession, the government did not concede such point.

10

Notwithstanding, parties cannot waive the correct application of the law. *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991). "When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *Id.*; *see United States v. Carey*, 929 F.3d 1092, 1097 (9th Cir. 2019) (court should not determine a question of law based on a party's concession—especially if it is an erroneous view of the law); *United States v. Castillo*, 896 F.3d 141, 149 (2d Cir. 2018) ("[A] court cannot properly determine a question of law on the basis of a party's concession." (internal quotation omitted)); *Krieger v. United States*, 842 F.3d 490, 499 (7th Cir. 2016) (court is not bound to accept a concession on a question of law). Therefore, even if the Respondent had waived the relevant argument, the Court should decide the legal issue whether Congress authorized FDPA claims (or a subset of such claims) to avoid the procedural limitations on successive § 2255 motions, without assuming that it is so.

Assuming that the FDPA provides Bourgeois an avenue to proceed under § 2241 without AEDPA's procedural impediment contravenes

11

Congress's intent, as well as the common law abuse of the writ principles applied to § 2241. It also undermines the public interest in the finality of a criminal judgment by allowing Bourgeois to circumvent AEDPA's requirements, as evidenced by this Court's application of Supreme Court cases interpreting *Atkins* without regard to whether they are retroactive. See DE 18, at 7 & n.4.

## C. The Court Should Grant Leave to File a Surreply in the Interest of Justice

As the Court recognized in its stay order, "the stakes of this litigation" are high. DE 18, at 6. Bourgeois's petition and reply lack substantive briefing regarding whether the FDPA provides an independent basis for § 2241 relief outside of the AEDPA, and a surreply may aid the Court in deciding the underlying habeas petition in this case. See DE 18, at 6 (noting that a response from Respondent may have benefitted the Court). The parties, as well as the public, have a substantial interest in ensuring that the Court correctly construes and applies the governing law on the federal death penalty. *See generally Kamen*, 500 U.S. at 99. The Respondent, therefore, respectfully requests that the Court grant it leave to file a surreply to brief whether Congress

12

has authorized § 3596(c) claims to be brought under § 2241 without the

AEDPA procedural limitations.

## III. CONCLUSION

The Respondent requests that this Court grant its Motion for Leave

to File a Surreply to Petitioner's Reply.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:   s/ Paula C. Offenhauser
PAULA C. OFFENHAUSER
Special Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9102
E-mail:  Paula.Offenhauser@usdog.gov
*Attorney for Respondent*

## CERTIFICATE OF SERVICE

I certify that on March 23, 2020, a copy of the foregoing Motion for

Leave to File a Surreply to Petitioner's Reply was filed electronically.

Notice of this will be sentence to the following parties by operation of the

Court's electronic filing system:

Victor J. Abreu
Federal Community Defender Office
For the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Victor_Abreu@fd.org

Katherine Thompson
Federal Community Defender Office
For the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Katherine_Thomson@fd.org

Peter Williams
Federal Community Defender Office
For the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Pete_Williams@fd.or

> By:    s/ Paula C. Offenhauser
> PAULA C. OFFENHAUSER
> Special Assistant United States Attorney
> E-mail:   Paula.Offenhauser@usdog.gov

14