# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

ALFRED BOURGEOIS,                        §
    Petitioner,                      §
v.                                       §    No. 2:19-cv-00392-JMS-DLP
                                     §
SUPERINTENDENT,                          §
    USP—Terre Haute,                 §
UNITED STATES OF AMERICA,                §
    Respondents.                     §

## SURREPLY TO PETITIONER'S REPLY BRIEF

The United States of America respectfully submits Respondent's Surreply to Petitioner Albert Bourgeois's claim that the Federal Death Penalty Act of 1994 (FDPA), 18 U.S.C. § 3596(c), bars execution of his death sentence because he is intellectually disabled.

This Court has found that the Respondent waived arguments pertaining to whether Bourgeois can proceed under 28 U.S.C. § 2241 on his claim that the FDPA forbids his execution because Respondent failed to brief that issue. For the reasons discussed in the Respondent's Motion for Leave to File Surreply to Petitioner's Reply, the Respondent did not interpret Bourgeois as having raised a separate and distinct claim under the FDPA, and it respectfully maintains that it did not—and indeed, cannot—waive this point of law. Nevertheless, based upon this Court's

Order on March 10, 2020, DE 18,[1] the Court has found that Bourgeois adequately raised a distinct issue that may be dispositive. Respondent has therefore sought the Court's leave to file this Surreply to address this issue and provide additional information which may aid the Court in deciding the Petition.

As detailed herein, Bourgeois's FDPA claim fails for the same reasons that his constitutional claims under *Atkins v. Virginia,* 536 U.S. 304 (2002), fail. Bourgeois raised this exact claim, under both *Atkins* and the FDPA, in his 28 U.S.C. § 2255 proceeding in the Southern District of Texas. The district court there held a lengthy evidentiary hearing and rejected Bourgeois's claim on the merits. Whether framed as a constitutional *Atkins* claim, or a statutory FDPA claim purportedly challenging the execution of his sentence, Bourgeois's claim is the exact same that he previously litigated: that he was intellectually disabled by the time he was eighteen years old. Indeed, because the case law provides that the onset of intellectual disability *must* occur before the age of eighteen, Bourgeois is today in the same condition with regard to

---

[1] "DE" refers to the docket entry for the referenced document, followed by the page numbers included in the document's ECF header.

intellectual disability as he was at the time of both the imposition of his sentence and the denial of his § 2255 motion. He cannot relitigate this claim here.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")—which imposes restraints upon successive motions for collateral relief by federal prisoners pursuant to 28 U.S.C. § 2255— applies to petitioner's statute-based claim in the same manner as it applies to his constitutional *Atkins* claim, and nothing suggests that section 3596(c) exempts Bourgeois from the AEDPA and its restraints. Regardless, even assuming Bourgeois could raise his statute-based claim under 28 U.S.C. § 2241, his claim would be an abuse of the writ because he raised and litigated a duplicative claim under that section of the FDPA in his 28 U.S.C. § 2255 proceeding in the Southern District of Texas. Bourgeois's claim—whether characterized as a constitutional claim, or a statutory claim under the FDPA—therefore cannot proceed under section 2241.

# I.

# Background

*Statutory Background:* Section 3596 of the Federal Death Penalty Act (FDPA), entitled "Implementation of a sentence of death," authorizes the Attorney General to carry out federal executions upon persons sentenced to death.  Section (a) provides that "[a] person who has been sentenced to death . . . shall be committed to the custody of the Attorney General until exhaustion of the procedures for appeal of the judgment of conviction."  18 U.S.C. § 3596(a).  "When the sentence is to be implemented, the Attorney General shall release the person sentenced to death to the custody of a United States marshal, who shall supervise implementation of the sentence in the manner prescribed by the law of the State in which the sentence is imposed."  *Id.*

Sections (b) and (c) provide restrictions on implementing the sentence of death. Section 3596(b) provides that "[a] sentence of death shall not be carried out upon a woman while she is pregnant."[2] 18 U.S.C. § 3596(b). Section 3596(c) provides that: "A sentence of death shall not be

---

[2] This provision suspends the execution of the woman sentenced to death until termination of the pregnancy.

4

carried out upon a person who is mentally retarded. A sentence of death shall not be carried out upon a person who, as a result of mental disability, lacks the mental capacity to understand the death penalty and why it was imposed on that person."

*Bourgeois's Claim*: Bourgeois contends that the plain language of the FDPA, 18 U.S.C. § 3591, *et seq.*, and numerous Supreme Court decisions dating back to *Atkins,* 536 U.S. 304, categorically ban the carrying out of an execution on an intellectually disabled person. DE 11, at 46-47. He asserts that, pursuant to § 3596(c), "Congress forbids not only the execution of the intellectually disabled, but, more precisely, the imposition of that penalty against any person who 'is' of that category." *Id.* at 46 (emphasis omitted).  He contends that he "'is' intellectually disabled and therefore ineligible for execution at this time"; that "the legal measure of his disability under the Eighth Amendment must be the measure that applies today, which rests on the clinical standards of specialists in the field rather than the lay standards of judges, jurors, or even a prisoner's co-workers or jailers." *Id.* (citing *Moore v. Texas (Moore I),* 137 S. Ct. 1039, 1053 (2017)). Bourgeois argues that "[t]his is necessarily a challenge to the *execution* of his death sentence rather than

5

its *imposition.*" *Id.* at 47 (emphasis in original). He further argues that "[c]onstruing any *Atkins* challenge as a challenge to the *imposition* of the petitioner's death sentence would necessarily exclude challenges from petitioners like Mr. Bourgeois who were determined not to be ID [intellectually disabled] under the legal standards prevailing at the time of § 2255 proceeding, but are ID under current standards." *Id.*

## II.

**Bourgeois's FDPA claim challenges the legality of his sentence, is the exact claim that he litigated in his 28 U.S.C. § 2255 proceeding, and does not meet the requirements of the savings clause, 28 U.S.C. § 2255(e), to proceed under 28 U.S.C. § 2241.**

The exclusive vehicle for federal prisoners to challenge their conviction or sentence is 28 U.S.C. § 2255. *See Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014). A federal prisoner may only proceed with a habeas petition under 28 U.S.C. § 2241 if his claim meets the requirements of the savings clause, 28 U.S.C. § 2255(e). *See Light*, 761 F.3d at 812. That provision provides: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that . . . the court which sentenced him . . . has denied him relief, unless it

appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *Id.* (quoting 28 U.S.C. § 2255(e)). The Seventh Circuit has concluded that § 2255 is inadequate or ineffective in only limited circumstances, none of which is present here. Bourgeois's FDPA claim therefore cannot proceed under § 2241.

### A. Bourgeois's FDPA claim challenges the legality of his sentence, not the execution of his sentence.

Bourgeois claims that 18 U.S.C. § 3596(c) bars the "execution of sentence" of death upon an intellectually disabled person, and that *Atkins,* 536 U.S. 304, categorically prohibits his execution because he is intellectually disabled. Bourgeois raised the claim that both the FDPA and Eighth Amendment under *Atkins* bar his execution because he is intellectually disabled in his prior § 2255 proceeding. The United States District Court for the Southern District of Texas rejected those claims on the merits in *United States v. Bourgeois,* Nos. 2:02-cr-216, 2:07-cv-223, 2011 WL 1930684 (S.D. Tex. May 19, 2011). *See* DE 18, at 3.

Bourgeois attempts to relitigate the issues that he raised in his § 2255 proceeding by arguing that his claim that he "is" intellectually disabled is "necessarily" a challenge to the "execution of his death sentence," DE 11, at 47 (emphasis omitted). While Bourgeois asserts that

7

he "is" intellectually disabled and therefore the FDPA bars the execution of his sentence, the law does not define his claim that way. As briefed by the Respondent in its Return to Order to Show Cause, the Supreme Court has consistently confirmed *Atkins*'s three-prong criterion as the basis for determining whether a defendant is intellectually disabled: significantly subaverage intellectual functioning, deficits in adaptive functioning, and *onset of these deficits before the age of eighteen. Atkins*, 536 U.S. at 318; DE 10, at 46. Bourgeois's claim, per *Atkins*'s requirements, is not just that he *is* disabled, but that he *was* disabled before the age of eighteen.

Because Bourgeois was over the age of eighteen both at the time his sentence was imposed and when the district court in Texas denied his § 2255 motion, he is legally in the same condition regarding intellectual disability today as he was when he previously litigated this issue. Bourgeois's claim is therefore not that his sentence cannot be executed; it is that it was unlawful at the time it was imposed and at the time he filed his § 2255 motion. The United States District Court for the Southern District of Texas already rejected those claims on the merits in *United States v. Bourgeois,* Nos. 2:02-cr-216, 2:07-cv-223, 2011 WL 1930684 (S.D. Tex. May 19, 2011). *See* DE 18, at 3. Further

8

demonstrating this point, Bourgeois's Petition in this case largely relies upon the testimony given at the evidentiary hearing in the Southern District of Texas.

This Court has already effectively recognized that Bourgeois's FDPA claim is the same as the *Atkins* claim that he previously litigated when it found that "[t]he only apparent difference between [Bourgeois]'s *Atkins* claim and an FDPA claim is the legal source—the Constitution and a statute, respectively," and the standards governing an *Atkins* claim apply to his FDPA claim.   DE 18, at 7. Therefore, Bourgeois's characterization of his claim as a challenge to the "execution of sentence," as opposed to the imposition of sentence, does not change the true nature of his claim because there is no daylight, factually or legally, between a constitutional *Atkins* claim and a statutory FDPA claim. *See United States v. Coonce*, 932 F.3d 623, 632-33 (8th Cir. 2019) (holding that the "mentally retarded" exception in the FDPA requires onset of intellectual disability before the age of eighteen), *petition for cert. filed*, No. 19-7862 (Mar. 3, 2020). Instead, Bourgeois's "execution of sentence" claim under § 3596(c) is a veiled attempt to relitigate the same challenge he lost in his § 2255 proceeding in this § 2241 proceeding.

9

While historically defendants have been allowed to challenge the execution of a sentence in § 2241 proceedings, *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991), those claims may proceed under § 2241 because most fulfill the requirements of the savings clause, do not challenge the legality of the imposition of the sentence, and thus cannot be raised in a § 2255 motion. *Compare Coady v. Vaughn,* 251 F.3d 480, 485 (3rd Cir. 2001) ("[F]ederal prisoners challenging some aspect of the *execution* of their sentence, such as denial of parole, may proceed under Section 2241.") (emphasis added; original emphasis omitted); *Lewis v. United States Parole Commission,* 132 F. App'x 659, 660 (7th Cir. 2005) (U.S. Parole Commission miscalculating a prisoner's parole date). Here, by contrast, Bourgeois raises the exact *Atkins* claims, based on the same facts, as he raised in his § 2255. This demonstrates that § 2255 was not inadequate or ineffective to test the legality of his detention. Finding otherwise undermines the validity of the judicial process underlying his sentence.[3]

---

[3] Alternatively, if the Court were to conclude otherwise and find that Bourgeois has presented a novel and independent claim challenging the execution of his sentence apart from its legality, that claim may not be ripe. Bourgeois' motion for stay of execution was granted in *In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases*, No. 1:19-mc-00145 (D.D.C.), DE 51, and the United States' appeal therefrom remains pending before the United States Court of Appeals for the D.C. Circuit. *See In re Federal Bureau of Prisons' Execution Protocol Cases*, No. 19-5322 (D.C. Cir.). As such, the date of Bourgeois's execution is not currently set. If the Court were to conclude—contrary to

**B. The Seventh Circuit has limited the circumstances in which such claims may pass through the savings clause and proceed under § 2241, and Bourgeois's FDPA claim does not meet these standards.**

The Seventh Circuit has established a three-part test to determine whether a defendant's challenge to his conviction or sentence satisfies § 2255(e)'s savings clause. *See, e.g.*, *Montana v. Cross*, 829 F.3d 775, 783-84 (7th Cir. 2016). "To pursue relief under § 2241, a petitioner must establish that (1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice." *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) (internal quotation omitted); *see also In re Davenport*, 147 F.3d 605 (7th Cir. 1998) (intervening decision of statutory interpretation establishing that defendant was convicted of conduct no longer deemed criminal); *Garza v. Lappin*, 253 F.3d 918 (7th Cir. 2001) (decision by an international tribunal).

---

established precedent—that intellectual disability is fluid and may develop after the age of eighteen, Bourgeois's claim would only be ripe at the time execution is imminent.

11

The Court has recognized only one additional set of narrow circumstances in which § 2255 is inadequate or ineffective, in *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc). In that case, Webster was convicted of a capital offense and sentenced to death after the district court found, based on evidence presented at the sentencing hearing, that Webster was not "mentally retarded" and therefore was not exempt from eligibility for the death penalty under 18 U.S.C. § 3596(c). *Id.* at 1124-25, 1130-31. After the denial of Webster's *Atkins* claim in his § 2255 motion, he obtained new evidence in support of his intellectual-disability claim that existed at the time of trial but had been unavailable to him. *Id.* at 1132-34. Because Webster did not rely on new evidence of innocence or a new rule of constitutional law, he could not satisfy AEDPA's gatekeeping requirements for second or successive § 2255 motions. *Id.* at 1134-35. The Seventh Circuit determined that in these circumstances there was a "structural problem" or "lacuna" in § 2255 and therefore, the savings clause permitted Webster to proceed via § 2241. *Id.* at 1135-44. The court made clear, however, that this rule applied to newly discovered evidence that "existed before the time of the trial" and was unavailable "despite

diligence on the part of the defense," not because of "missteps by" the defense. *Id.* at 1140 (emphasis omitted).

None of these circumstances are present in this case. Bourgeois's FDPA claim cannot meet the first two prongs of the Seventh Circuit's three-part test for proceeding under the savings clause. Nor does Bourgeois's claim meet the unique circumstances present in *Webster*.

a. Bourgeois cannot meet the first prong of the test because he is not attempting to rely on a new statutory interpretation case.

In order to proceed under the savings clause, the Seventh Circuit has held that a petitioner's claim must "rel[y] on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion." *Chazen*, 938 F.3d at 856 (internal quotation omitted). Borgeois's FDPA claim does not meet this threshold requirement.

In his Petition, Bourgeois does not cite, let alone rely upon, any new case that substantively interprets the FDPA (or any other relevant statutory matter). Rather, Bourgeois claims that 18 U.S.C. § 3596(c) bars the "execution of sentence" of death upon an intellectually disabled person, and that *Atkins,* 536 U.S. 304, categorically prohibits his

execution because he is intellectually disabled. He asks this Court to apply the *constitutional* standard articulated by the Supreme Court in *Atkins*, *Moore I,* 137 S. Ct. at 1039, and *Moore v. Texas* (*Moore II*), 139 S. Ct. 666 (2019) (per curiam). These cases pertaining to constitutional standards do not fulfill the requirement that Bourgeois "rel[y] on a statutory interpretation case."

The cases where the Seventh Circuit has held that the first prong of the test to proceed under the savings clause was met all involved an intervening change in the interpretation of a substantive statute, such as the Armed Career Criminal Act. *See, e.g.*, *Chazen*, 938 F.3d at 856; *Light*, 761 F.3d at 812-13; *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). Bourgeois's FDPA claim—which attempts to rely on constitutional cases to relitigate a claim he brought in his § 2255 motion—is far afield of the types of claims the Seventh Circuit has allowed to proceed under the first prong.

> b. <u>Bourgeois cannot meet the second prong of the Seventh Circuit's test because he has not identified any statutory decision that is retroactive.</u>

To fulfill the second prong of the Seventh Circuit's savings-clause test, Bourgeois must demonstrate that he "could not have invoked the

[relevant statutory] decision in his first § 2255 motion and the decision applies retroactively." *Chazen,* 938 F.3d at 856 (internal quotation omitted). Bourgeois has failed to identify any retroactive new rule pertaining to the FDPA, so his claim likewise fails on this prong.

The only cases Bourgeois has identified that, in his view, create a new rule are *Moore I* and *Moore II*, but those cases do not come close to meeting the relevant standard. As an initial matter, the Supreme Court has not declared *Moore I* and *Moore II* retroactively applicable to post-conviction habeas review. DE 10, at 72-75, 79-82, 87-89. As fully briefed in the Respondent's Return to Order to Show Cause, *Moore I* and *Moore II* were derived directly from *Atkins* and merely expounded upon the definition of intellectual disability in *Hall* and *Moore. Shoop v. Hill,* 139 S. Ct. 504, 507 (2019) (per curiam); *see Atkins*, 536 U.S. at 308 n.3; *Hall v. Florida,* 572 U.S. 701, 710 (2014); *Moore I,* 137 S. Ct. at 1045; *Moore II,* 139 S. Ct. at 668. The Supreme Court in *Atkins* "declared 'a rule of general application . . . designed for the specific purpose of evaluating a myriad of factual contexts.'" *Smith v. Sharp,* 935 F.3d 1064, 1084-85 (10th Cir. 2019) (quoting *Chaidez v. United States,* 568 U.S. 342, 348 (2013)), *petition for cert. filed*, No. 19-1106 (Mar. 10, 2020). "The

15

application of this general rule to *Hall, Moore I*, and *Moore II* cannot be understood to 'yield[ ] a result so novel that it forges a new rule, one not dictated by precedent', [given] the Court's proclamation in *Hall* that '*Atkins* . . . provide[s] substantial guidance on the definition of intellectual disability.'" *Id.* at 1084 (citations omitted).

Regardless, even if *Moore I* and *Moore II* were retroactive to cases on collateral review, they would be retroactive *constitutional* cases that Bourgeois could potentially raise in a successive § 2255 motion. Moreover, Bourgeois cannot possibly argue that an FDPA claim is foreclosed or futile to be raised in a § 2255 motion because he in fact raised, litigated, and lost such a claim in his § 2255 motion.

c. Bourgeois's FDPA claim also cannot proceed under *Webster*.

For the same reasons briefed in the Respondent's Return to Order to Show Cause, Bourgeois's FDPA claim does not meet the conditions laid out in the Seventh Circuit's *Webster* decision to proceed under the savings clause. DE 10, at 64-66. As the court made clear in that case, Webster could proceed under the savings clause because he presented newly discovered evidence that "existed before the time of the trial" and was unavailable "despite diligence on the part of the defense," not because of

16

"missteps by" the defense. *Webster*, 784 F.3d at 1140 (emphasis omitted). Here, Bourgeois has presented no new evidence, and instead relies on the same evidence presented in his § 2255 proceeding. Moreover, even if new diagnostic standards somehow constituted new evidence (which they do not), those standards were not available at the time of Bourgeois's trial and thus cannot meet the *Webster* standard.

## III.

### Bourgeois's relitigation of his FDPA claim is an abuse of the writ.

Even if Bourgeois could somehow satisfy the savings clause's requirements to proceed directly under § 2241, Bourgeois's *Atkins* claim raised in the instant habeas petition constitutes an abuse of the writ for the reasons briefed in the Respondent's Return to Order to Show Case. DE 10, at 78-86.  Bourgeois's *Atkins* and FDPA claim is the same claim that he previously litigated under § 2255, and even apart from the AEDPA procedural requirements, Bourgeois cannot repeatedly relitigate the same claim.

There is no dispute that *Atkins* applies retroactively to § 2255 habeas proceedings, and there is no dispute that the Southern District of Texas applied *Atkins* in making its intellectual disability determination.

17

Bourgeois's intent (and attempt) is to relitigate the Southern District's final factual and legal determinations with absolutely no deference to that court's findings. *See* DE 18, at 7-8 & nn.4, 5.

In fact, Bourgeois challenges the validity and legality of his death sentence on the same *Atkins* criterion and same evidence previously litigated. The Supreme Court's decisions in *Hall,* 572 U.S. 701, *Moore I,* 137 S. Ct. 1039, and *Moore II,* 139 S. Ct. 666, do not change that. Regardless of whether raised in a 2255, 2254, or 2241 proceeding—and even assuming AEDPA's restrictions were inapplicable—the Supreme Court has not declared *Moore I* and *Moore II* retroactively applicable to post-conviction habeas review. DE 10, at 72-75, 79-82, 87-89. *See supra* at 15. An attempt to relitigate a theory, in the absence of an intervening change of law, is an abuse of the writ.

## CONCLUSION

Bourgeois's argument that his FDPA claim can proceed in a § 2241 habeas writ petition does not satisfy the requirements of § 2255(e), *In re Davenport,* and *Webster* (en banc), and constitutes an abuse of the writ. Bourgeois's petition for writ of habeas corpus should be dismissed with prejudice.

18

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:   s/ Paula C. Offenhauser
      PAULA C. OFFENHAUSER
      Special Assistant United States Attorney
      1000 Louisiana, Suite 2300
      Houston, Texas 77002
      Telephone: (713) 567-9102
      E-mail:  Paula.Offenhauser@usdog.gov
      *Attorney for Respondent*

## CERTIFICATE OF SERVICE

I certify that on March 23, 2020, a copy of the foregoing Respondent's Surreply to Petitioner's Reply was filed electronically. Notice of this will be sentence to the following parties by operation of the Court's electronic filing system:

Victor J. Abreu
Federal Community Defender Office
For the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Victor_Abreu@fd.org

Katherine Thompson
Federal Community Defender Office
For the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Katherine_Thomson@fd.org

Peter Williams
Federal Community Defender Office
For the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Pete_Williams@fd.or

By:    s/ Paula C. Offenhauser
       PAULA C. OFFENHAUSER
       Special Assistant United States Attorney
       E-mail:  Paula.Offenhauser@usdog.gov
