**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| ALFRED BOURGEOIS, | § | |
| Petitioner, | § | |
| v. | § | No. 2:19-cv-00392-JMS-DLP |
| | § | |
| SUPERINTENDENT, | § | |
| USP—Terre Haute, | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondents. | § | |

**MOTION TO RECONSIDER ORDER STAYING**
**EXECUTION OF ALFRED BOURGEOIS**

The Respondent respectfully requests that this Court reconsider its

Order Staying Execution of Alfred Bourgeois for the reasons stated in the

Respondent's Motion for Leave to File a Surreply and the Respondent's

Surreply filed simultaneously with this motion.

In its Order Staying Execution, this Court assumed, without

deciding, that Congress authorizes a habeas petitioner to invoke the

Federal Death Penalty Act (FDPA), 18 U.S.C. § 3596(c), as the basis for

relief under 28 U.S.C. § 2241, avoiding the requirements of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)

governing successive motions for collateral relief under 28 U.S.C. § 2255.

As detailed in the Respondent's Motion for Leave to File Surreply to

Petitioner's Reply and Surreply, filed simultaneously this this motion: (1) contrary to this Court's finding, Respondent did not waive this issue because it argued at length in its Return to Order to Show Cause that Bourgeois's claim cannot proceed under 28 U.S.C. § 2241; (2) parties cannot waive the proper interpretation of the law; (3) this Court must decide the correct construction of the governing law irrespective of the parties' arguments; and (4) this Court therefore made a manifest error of law in its Order. In these circumstances, and in the interest of justice, the Respondent respectfully requests that the Court reconsider its Order Staying Execution. *See Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact . . ." (internal quotation omitted)).

As argued in Respondent's Return to Order to Show Cause, "a stay of execution is an equitable remedy. It is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Hill v. McDonough*, 547 U.S. 573, 584 (2006); *see* DE 10, at 105. To receive a stay, Bourgeois "must satisfy all of the requirements

2

for a stay, including a showing of a significant possibility of success on the merits." *Hill*, 547 U.S. at 584. When, as here, a habeas petition is not a prisoner's first, a stay of execution "should be granted only when there are 'substantial grounds upon which relief might be granted.'" *Garza v. Lappin*, 253 F.3d 918, 920-21 (7th Cir. 2001) (applying this standard to a 28 U.S.C. § 2241 petition).

Bourgeois has not shown a significant possibility that he will succeed on the merits of a claim that would deprive the United States of the authority to execute him. *See Lee v. Kelley*, 854 F.3d 544, 546 (8th Cir. 2017) (per curiam) (to receive a stay of execution, a defendant "must show a significant possibility that he will succeed on the merits of a claim that would deprive [the State] of the authority to execute him."). As discussed in the Respondent's Return to Order to Show Cause, DE 10, at 93-96, the Motion for Leave to File a Surreply, and the Surreply, filed simultaneously with this motion, Bourgeois's *Atkins* and FDPA intellectual disability claim was fully litigated and rejected in the Southern District of Texas.[1] Bourgeois therefore cannot relitigate the

---

[1] This Court acknowledges that Bourgeois raised the same FDPA and the Eighth Amendment claims in his 28 U.S.C. § 2255 motion in the Southern District of Texas

3

constitutionality and statutory legality of the implementation and execution of his sentence in this proceeding, for at least three reasons.

*First*, Bourgeois raised this exact claim in his prior 28 U.S.C. § 2255 in the Southern District of Texas, as this Court acknowledges. The United States District Court for the Southern District of Texas rejected this claim on the merits. Bourgeois's current claim is a veiled attempt to challenge the legality and constitutionality of his sentence under 28 U.S.C. § 2241. *Second*, section 3596(c) of the FDPA does not permit Bourgeois to raise an intellectual-disability claim that avoids the AEDPA's restrictions on successive collateral attacks. And *third*, even if Bourgeois's claim could proceed, it is an abuse of the writ.

The Court should reconsider its order staying execution because, in light of the arguments made in the Respondent's Return to Order to Show Cause, the Respondent's Motion for Leave to File a Surreply, and its Surreply filed this date,[2] Bourgeois is not likely to succeed on the merits of his 28 U.S.C. § 2241 petition.

---

as he raises here, and the Southern District of Texas district court rejected those claims after it held a week-long evidentiary hearing. DE 18, at 3.

[2] In the event this Court denies the Respondent's Motion for Leave to File a Surreply and Surreply, the Respondent hereby incorporates by reference all arguments made therein.

## CONCLUSION

For the foregoing reasons, this Court should reconsider and deny Bourgeois' motion to stay his execution with prejudice.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:   s/ Paula C. Offenhauser
PAULA C. OFFENHAUSER
Special Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9102
E-mail:   Paula.Offenhauser@usdog.gov
*Attorney for Respondent*

5

# CERTIFICATE OF SERVICE

I certify that on March 23, 2020, a copy of the foregoing Motion to Reconsider Order Staying Execution of Alfred Bourgeois was filed electronically.  Notice of this will be sentence to the following parties by operation of the Court's electronic filing system:

Victor J. Abreu
Federal Community Defender Office
For the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Victor_Abreu@fd.org

Katherine Thompson
Federal Community Defender Office
For the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Katherine_Thomson@fd.org

Peter Williams
Federal Community Defender Office
For the Eastern District of Pennsylvania
Capital Habeas Corpus Unit
Pete_Williams@fd.or

By:  s/ Paula C. Offenhauser
     PAULA C. OFFENHAUSER
     Special Assistant United States Attorney
     E-mail:  Paula.Offenhauser@usdog.gov

6