UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ALFRED BOURGEOIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00392-JMS-DLP |
| | ) | |
| WARDEN, et al. | ) | |
| | ) | |
| Respondents. | ) | |

**Order Denying Respondent's Motion to Reconsider and
Denying Respondent's Motion for Leave to File Surreply**

Petitioner Alfred Bourgeois filed this 28 U.S.C. § 2241 petition for a writ of habeas corpus alleging that the Eighth Amendment and the Federal Death Penalty Act ("FDPA") both forbid his execution because he is intellectually disabled. On March 10, 2020, the Court granted a stay of Mr. Bourgeois's execution based, in part, on a finding that his FDPA claim has a strong likelihood of success. One basis for this finding was Respondent's waiver of any argument that 28 U.S.C. § 2255(e) bars the FDPA claim.

On March 23, 2020, Respondent filed a motion to reconsider the Court's order granting a stay of execution and a motion for leave to file a surreply to Mr. Bourgeois's motion to stay. The Court construes Respondent's motion to reconsider as a Rule 59(e) motion to alter or amend judgment. *See Carter v. City of Alton*, 922 F.3d 824, 826 n.1 (7th Cir. 2019) (timely motion to reconsider a judgment should be construed as Rule 59(e) motion, even if motion does not expressly rely on Rule 59(e)); Fed. R. Civ. P. 54(a) (defining "judgment" to include "any order from which an appeal lies").

To obtain relief under Rule 59(e), a movant must show "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment."

1

*Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). The rule does not provide an opportunity "for a party to undo its own procedural failures . . . or advance arguments that could and should have been presented to the district court prior to judgment." *Barrington Music Products, Inc. v. Music & Arts Center*, 924 F.3d 966, 968 (7th Cir. 2019) (cleaned up).

Respondent raises three primary arguments in support of the motion to reconsider: (1) the Court cannot enforce a waiver of § 2255(e); (2) Respondent did not waive § 2255(e) as to the FDPA claim; and (3) Respondent did not waive *Teague* and "abuse of the writ" arguments as to the FDPA claim. The Court will address each of Respondent's claims of error in turn.

### A.  The Court May Enforce a Waiver of § 2255(e).

Respondent argues that "parties cannot waive the correct application of the law" and that the Court therefore should have addressed whether § 2255(e) bars Mr. Bourgeois's FDPA claim. Dkt. 20 at 10−12. Respondent cites out-of-circuit cases to support this proposition while ignoring contrary Seventh Circuit precedent. *See*, *e.g.*, *Chazen v. Marske*, 938 F.3d 851, 863 (7th Cir. 2019) (accepting government's concession of legal issue that allowed petitioner to raise claim in § 2241 petition); *Hicks v. Stancil*, 642 F. App'x 620, 621 (7th Cir. 2016) ("We need not decide whether [the petitioner] meets [§ 2255(e)'s] exception because the government waives its defense that he does not, and its waiver allows us to decide the petition . . . ."); *Brown v. Rios*, 696 F.3d 638, 640−41 (7th Cir. 2012) (accepting government's concession that § 2255(e) did not bar § 2241 petition); *cf. Gonzalez v. Thaler*, 565 U.S. 134, 146−48 (2012) (by failing to raise timely objection, state waived argument that appeal should be dismissed for improper certificate of appealability in violation of 28 U.S.C. § 2253(c)). Respondent does not distinguish these cases or point to any contrary controlling precedent. Respondent therefore has failed to show manifest error in the Court's conclusion that 28 U.S.C. § 2255(e) may be waived in a particular case.

**B. Respondent Waived § 2255(e) As to Mr. Bourgeois's FDPA Claim.**

Next, Respondent denies waiving § 2255(e) as to Mr. Bourgeois's FDPA claim, even if it is possible to do so. There is no dispute that Respondent's pre-March 10 pleadings do not mention, let alone respond to, Mr. Bourgeois's FDPA claim. Dkt. 20 at 6 ("[T]he Respondent did not parse out a separate FDPA claim in its Return to Order to Show Cause."). Respondent instead alleges that Mr. Bourgeois himself conflated his FDPA and *Atkins* claims, inviting Respondent to treat them as a single claim, so Respondent's choice to do so was not waiver. *Id.* ("[T]he Respondent read [Mr.] Bourgeois's petition to merge his FDPA and *Atkins* claims as one claim implicating the same legal standards.").

To be sure, Mr. Bourgeois's FDPA and *Atkins* claims both rely on the same definition of "intellectually disabled." But as the Court noted in its order granting a stay of execution, Mr. Bourgeois "specifically argues both in his habeas petition and in his motion to stay that his FDPA claim can proceed under § 2241." Dkt. 17 at 5; *see*, *e.g.*, dkt. 1, ¶ 157 (making statutory and legislative history arguments for allowing FDPA claim to proceed under § 2241); dkt. 3 at 9 ("The FDPA requires such prospective relief to be available, providing as it does that '[a] sentence of death shall not be carried out upon a person who is mentally retarded.'" (quoting 18 U.S.C. § 3596(c))). These arguments are distinct from those Mr. Bourgeois made for allowing his *Atkins* claim to proceed in a § 2241 petition. And Respondent failed to address the FDPA claim even after Mr. Bourgeois highlighted the lack of response. *See* dkt. 11 at 9.

In short, Respondent has not shown manifest error in the Court's finding that Respondent waived § 2255(e) as to the FDPA claim.

3

### C. Respondent Likewise Waived Any *Teague* and "Abuse of the Writ" Arguments as to Mr. Bourgeois's FDPA Claim.

Finally, Respondent argues that the Court erred in finding waiver of Respondent's *Teague* and "abuse of the writ" arguments. But as with § 2255(e), Respondent limited these arguments to Mr. Bourgeois's *Atkins* claim. *See* dkt. 10 at 78 ("[Mr.] Bourgeois' *Atkins* claim, which failed under § 2255, cannot merit consideration or relief in this Court. [Mr.] Bourgeois' attempt to circumvent § 2255(h) amounts to an invitation to abuse the writ under pre-AEDPA law."); *id.* at 79 ("*Teague* bars [Mr.] Bourgeois' reliance on *Moore* to revitalize his *Atkins* claim."). Indeed, as Mr. Bourgeois observes in his reply in support of his motion to stay, "the *Teague* rule applies to new rules of constitutional law only," not his statutory FDPA claim. Dkt. 11 at 44−45. Respondent therefore has not shown that the Court committed manifest error in deeming that Respondent waived these arguments along with any § 2255(e) argument as to Mr. Bourgeois's FDPA claim. *See* dkt. 18 at 6 ("[T]he Court deems any argument that Mr. Bourgeois's FDPA claim cannot proceed under § 2241 waived.").

### D. Respondent May Not Raise Objections For the First Time in a Surreply after the Motion to Stay Has Been Decided.

Respondent finally challenges Mr. Bourgeois's FDPA claim—after the Court granted a stay of execution—in a motion for leave to file a surreply and an accompanying proposed surreply. Dkts. 20, 21. The proposed surreply does not address the merits of Mr. Bourgeois's FDPA claim; instead, it argues that § 2255(e) and the "abuse of the writ" doctrine prohibit Mr. Bourgeois from raising the claim in his § 2241 petition. The Court had already deemed those objections waived before Respondent raised them, dkt. 18 at 6, and Respondent has not shown that the Court's waiver conclusion rests on manifest error. Respondent may not file a surreply after the fact to circumvent the prior waivers.

4

### E.  Conclusion

Respondent's motion for leave to file a surreply, dkt. [20], is **denied**. Respondent's motion to reconsider the order staying execution, dkt. [22], is **denied**. A hearing on the merits of Mr. Bourgeois's claims will be set by separate order when the restrictions occasioned by the Covid-19 pandemic allow.

**IT IS SO ORDERED.**

Date: 5/27/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Victor Abreu
Federal Community Defender Office
victor_abreu@fd.org

Paula Camille Offenhauser
OFFICE OF THE UNITED STATES ATTORNEY
paula.offenhauser@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

Katherine Thompson
Federal Community Defender Office
katherine_thompson@fd.org

Peter Konrad Williams
Federal Community Defender Office
pete_williams@fd.org

5